IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL KING WARREN, JR., | ) | |
|         Plaintiff, | ) | |
| | ) | |
|         v. | ) | Civil Action No. 06-504 |
| | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, et al., | ) | |
|         Defendants. | ) | |
| | ) | |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that Plaintiff's request for a preliminary injunction and/or for a temporary restraining order (Docket No. 9) be denied without prejudice.

II.   Report

Plaintiff, Daniel King Warren Jr., an inmate currently incarcerated at the State Correctional Institution at Greene ("SCIG"), has presented a civil rights complaint. Named as defendants were the Commonwealth of Pennsylvania, the Department of Corrections ("D.O.C."), the State Correctional Institution at Camp Hill, SCIG, Commissioner Jeffrey Beard, Sharon Burks, Louis S. Folino, Dan Davis, and David L. Grainey. Plaintiff has voluntarily dismissed the Commonwealth, D.O.C. and the two institutions. In the complaint, Plaintiff alleges that Defendants have taken items from his cell, including his Quran and religious books, without due process of law. These facts are said to state a cause of action under the provisions of 42 U.S.C. § 1983 and Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

On August 18, 2008, Plaintiff filed a Motion for a Preliminary Injunction and Temporary

Restraining Order (Docket No. 9). He requests that the Defendants be enjoined from taking his legal civil filings, exhibits and research material from his cell, and he seeks the return of all such items confiscated from him by the defendants. He also requests that the Defendants be enjoined from placing him in the Restrictive Housing Unit (RHU) without just cause or proceeding on any process against him, until the Court determines this case.

    Federal Rule of Civil Procedure 65, as well as the case law interpreting that rule, provide that in order to obtain a temporary restraining order/preliminary injunction, a plaintiff must demonstrate a reasonable likelihood of ultimate success on the merits; that irreparable harm would result if the relief sought is not granted; that the issuance of the injunctive relief would not result in greater harm to the nonmoving party, and that the public interest would best be served by granting the relief sought. Campbell Soup Co. v. Conagra, Inc., 977 F.2d 86, 90-91 (3d Cir. 1992). Thus, "[t]o obtain a preliminary injunction, the moving party must demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohey v. Casey, 868 F.2d 69, 72 (3d Cir. 1989).

    Moreover, it is the plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." Campbell Soup, 977 F.2d at 91. With respect to the irreparable harm prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a Plaintiff must make a clear showing that irreparable harm will occur immediately. ECRI v. McGraw- Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). For "a

showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." Campbell Soup, 977 F.2d at 91 (internal quotations omitted). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

A request for injunctive relief in the prison context "must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." Goff v. Harper, 60 F.3d 518 (8th Cir. 1995) (citation omitted). Where a plaintiff requests an injunction that would require the court to interfere with the administration of a *state* prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). As the Supreme Court recently reiterated: "We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (citations omitted).

Plaintiff has not demonstrated a likelihood of success on the merits of his claim that his placement in the RHU was in violation of his civil rights. In addition, he has not demonstrated that his placement in the RHU threatens him with irreparable harm.

Another of Plaintiff's complaints is that prison officials are opening and reading his incoming mail. As the Court of Appeals for the Third Circuit recently noted, "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning," and regulations to

3

guarantee prison and inmate security. Prisoner mail is one such area in which inmate behavior is regulated." Nasir v. Morgan, 350 F.3d 366, 370 (3d Cir. 2003) (quoting Turner v. Safley, 482 U.S. 78, 84 (1987)). Although Plaintiff has the right to send and receive mail, within the boundaries set by the prison, he has not demonstrated the existence of irreparable harm merely by alleging that his mail has been tampered with.

Finally, Plaintiff requests that Defendants be prevented from confiscating items from his cell, including his religious books. As the Supreme Court has expressed, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Sandin v. Conner, 515 U.S. 472, 482 (1995) (citations omitted). In this regard, "it is well established that federal courts should not micromanage state prison systems." Baker v. Holden, 787 F. Supp. 1008, 1015 (D. Utah 1992) (citations omitted). "Moreover, a federal judge is not a warden and substantial deference must be accorded state prison authorities in the management of correctional facilities." Id. at 1015-16 (citing Bell v. Wolfish, 441 U.S. 520, 547 (1979); Turner v. Safley, 482 U.S. 78, 84 (1987); O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987)).

In addition, he has not demonstrated that a balancing of the harms weighs in his favor. The balancing of harms essentially requires the court to measure the harm to the plaintiff if the preliminary relief is erroneously denied and the harm to the defendant if the preliminary relief is erroneously granted. See Faheem-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988) (a preliminary injunction analysis "requires the district court to assess the probability that each party will prevail on the merits and the harm of granting or withholding relief during the pendency of the suit."); Blackwelder Furniture Co. v. Selig Manufacturing Co., Inc., 550 F.2d 189, 196 (4th Cir. 1977)

4

("The decision to grant preliminary relief cannot be intelligently made unless the trial court knows how much the precaution will cost the defendant."). Although the harms alleged by Plaintiff may be serious, the harms to the defendants are no less substantial. An erroneously entered TRO will deny the right of the sovereign Commonwealth to have officers exercise their discretion in the difficult operation of state prisons.

> When a plaintiff seeks to enjoin or prohibit the activity of a government agency, his case must contend with the well-established rule that the government has traditionally been granted the widest latitude in the dispatch of its own internal affairs. Cafeteria Workers v. McElroy, 367 U.S. 886 (1961). Accordingly, when due process contentions are raised relative to the operation, maintenance and administration of the penal system, the courts should be acutely aware that caution must be exercised in achieving a careful balance of the interests of that system as against the interests of the prisoners.

Marchesani v. McCune, 531 F.2d 459, 461 (10th Cir. 1976).

Accordingly, it is recommended that Plaintiff's motion for a preliminary injunction and/or for a temporary restraining order be denied without prejudice.

Within ten days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

               Respectfully submitted,

               s/Robert C. Mitchell
               ROBERT C. MITCHELL
               United States Magistrate Judge

Dated: September 6, 2006

cc: Daniel King Warren, Jr.
   DV-4642
   SCI Greene
   175 Progress Drive
   Waynesburg, PA 15370